## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LISA PRESTO,

        Plaintiff

      v.                         Civil Action Number:

TOM KING PENN, LLC, d/b/a
BURGER KING,

        Defendant.

### COMPLAINT

AND NOW, comes the plaintiff, Lisa Presto, by and through her attorney, Gregory G. Paul, and files the following Complaint under Title VII of the Civil Rights Act, Americans with Disabilities Act, Pennsylvania Human Relations Act, and the Family and Medical Leave Act.

### Parties

1.     The plaintiff, Lisa Presto, is an adult individual, residing in Bethel Park, Pennsylvania in Allegheny County where she was hired in July 2013 with Defendant.

2.     The Defendant, Tom King Penn, LLC, d/b/a Burger King, is a corporation engaged in the fast food industry employing more than 50 persons within a 75 miles radius in Western Pennsylvania and Ohio and its headquarters located at 335 Commerce Drive, Crystal Lake, Illinois.

### Jurisdiction and Venue

3.     This Court has jurisdiction over Ms. Presto's Complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq,* Family and Medical Leave Act of 1993, 29 U.S.C. Section 2601 et. seq. ("FMLA") and 28 U.S.C. § 1331, the Americans with

Disabilities Act ("ADA"), 49 U.S.C. §12101 et seq.,; and supplemental jurisdiction under the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951 et seq.

4.      Venue is properly laid in this district pursuant to 28 U.S.C. §1391(b) because the Defendant resides within this district and a substantial part of the events giving rise to the claim occurred in this district.

5.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and 1343.

6.      The Defendant is a covered employer within the meaning of the Title VII, FMLA, ADAAA and PHRA because, among other things, they employ the requisite number of employees during the relevant time period. Specifically, defendant employees more than 50 employees in its stores within a 75 mile radius within the Western District of Pennsylvania in Bethel Park, Robinson Township, Wexford, South Side and North Versailles.

7.      Ms. Presto was entitled to the benefits and protections of the FMLA for her serious medical condition because she worked at least 1,250 hours and was employed for over one year.

8.      Defendant's termination of her employment was due to retaliation for engaging in protected activity, sex discrimination and disabilities requiring a medical absence from work due to treatment at the emergency room of Jefferson Hospital for a serious health condition.

**Statement of Facts**

9.      Lisa Presto was employed by Tom King Penn, LLC (d/b/a Burger King) beginning in July 2013 as an Assistant Manager.

10.      On or about April 8, 2016, Ms. Presto filed a police report for being harassed by a former manager, Matthew Scott, who was terminated for failing a drug test. Mr. Scott was permitted on the store premises including on the day of her termination and on April 5, 2016

when he left a note with profanity toward Ms. Presto in addition to other forms of harassment on face book stating "Glad to see you're enjoying your last birthday as a burger king employee" and through email stating "You are a *unt. That is why no one there wants to work with you, no man will ever love you, and pretty much everyone hates you".

11.     Ms. Presto made a complaint to Mr. Tenney, her supervisor, and Ms. Cavalero in defendant's human resource department concerning the above harassment and intimidation. Both found Ms. Presto's complaints to be unsubstantiated.

12.     Shortly thereafter, Mr. Tenney began a series of write-ups for tardiness and cleanliness against Ms. Presto, singling her out compared to other male employees and individuals who did not make complaints about harassment.

13.     On or about June 17, 2016, Ms. Presto called and left a message with her supervisor that she needed to go to the hospital. On the same date, her mother called Stephen Terney, General Manager, to inform him that Ms. Presto was experiencing stroke-like symptoms, to which he replied "whatever".

14.     On June 17, 2016, Ms. Presto went to the Jefferson Hospital emergency room as a result of headaches and left side numbness in concern that she was experiencing symptoms of a stroke related to a brain disease called Moyamoya, diagnosed in 2009.

15.     Ms. Presto was kept overnight at Jefferson Hospital and placed on restrictions to not return to work for three days.

16.     Ms. Presto called her supervisor, Steve Tenney, to inform him of her hospitalization and restrictions.  Upon her return to work, Ms. Presto handed Mr. Tenney the medical documentation from Jefferson Hospital.  Dan LNU, an employee who was standing in the same area, stated that "we called every hospital" and could not verify your admission.

17.     Kayla LNU, a coworker, confirmed that Dan called every hospital to confirm her admission.

18.     Shortly after Ms. Presto returned to work on June 22, 2016, Mr. Tenney informed her that she was terminated on July 3, 2016 due to her illness because "they did not want to deal with it".

19.     As a general policy, employees were provided three sick days per year.  Ms. Presto had previously called off on June 11th for headaches for the first time.  Therefore, this was only her second sick day marked off when she was in the hospital.

20.     However, Dan LNU, was permitted to take four days off to decide whether he wanted to accept a promotion as a shift manager.

### Count I:  Retaliation
### (TITLE VII, ADAAA and PHRA)

21.     Plaintiff, Lisa Presto, repeats and realleges each and every allegation in paragraphs numbered "1" through "20" of this complaint with the same force and effect as if fully set forth herein.

22.     By the acts above, the defendant violated Title VII of the Civil Rights Act, as amended, the ADAAA and the PHRA, by intentionally retaliating against the plaintiff, Lisa Presto, because of complaints made based upon sexual harassment in the terms, conditions and privileges of his employment and for requesting medical leaves of absence. This protected activity resulted in discipline in the form of records of counseling and discharge on or about July 4, 2016.

23.     Plaintiff, Lisa Presto, made both verbal complaints to her supervisor and human resources about harassment and intimidation. As a result of these complaints, defendant disciplined and terminated Ms. Presto

24.     The defendant's acts were with malice and reckless disregard for plaintiff's federally protected civil rights.

25.     Defendants' conduct in the form of adverse employment actions was causally connected as established by temporal proximity and disparate treatment. As a result of this conduct, defendants have caused Ms. Presto the loss of wages and other job benefits and emotional and other harm.

26.     As a direct result of defendant's discriminatory practices in violation the federal and state laws, and in retaliation for complaining of such treatment, plaintiff has suffered lost wages and other economic benefits of his employment with defendant and suffered emotional distress.

### Count II:  FMLA: Denial of Benefits/Interference

27.     Ms. Presto incorporates by reference all of the above allegations set forth in this Complaint.

28.     Ms. Presto is an eligible employee under the Family and Medical Leave Act and had a serious medical condition as defined by the FMLA and implementing regulations. A serious health condition is defined as an illness, injury, impairment, or physical or mental condition that involves a period of incapacity requiring absence of more than three calendar days from work, school or other regular daily activities that also involves continuing treatment by a healthcare provide or any period of incapacity due to Moyamoya.

29.     Defendant was aware of Ms. Presto's serious health condition before and after her need for medical leave of absence. An employee's notice of need for medical leave is to be provided as soon as practicable when not foreseeable, defined as at least verbal notice within one or two business days.

30.     Defendant was contacted before and after Ms. Presto's treatment at Jefferson Hospital.

31.     Defendant violated Ms. Presto's rights under the FMLA and willfully interfered with, restrained and denied her exercise of rights by denying benefits as provided by the FMLA and regulations.

32.     As a result of this conduct, Defendant has caused Ms. Presto the loss of wages and other job benefits and out-of-pocket expenses.

### Count III:  Violation of the Americans with Disabilities Act and Pennsylvania Human Relations Act: Discrimination and Denial of Reasonable Accommodations

33.     Ms. Presto incorporates by reference all of the above allegations set forth in this Complaint.

34.     Ms. Presto was at all relevant times capable of performing the essential functions of her assistant manager position with or without accommodations including a medical leave of absence.

35.     Ms. Presto was denied medical leave and terminated because Ms. Presto was disabled, regarded as disabled and/or had a record of disability within the meaning of the ADAAA, with or without reasonable accommodations.

36.     As a result of this conduct, defendant Tom King has caused Ms. Presto the loss of wages and other job benefits and emotional and other harm including punitive damages.

### PRAYER FOR RELIEF (All Counts)

WHEREFORE, Ms. Presto demands: (1) judgment against defendant in an amount to make her whole for all damages suffered by her as a result of defendants' violation of the above state and federal laws, including but not limited to damages for back pay and benefits, front pay,

compensatory damages, punitive damages, vacation pay, COBRA payments, bonus pay, liquidated damages in an amount equal to actual damages, and all other damages recoverable under Title VII, FMLA, ADAAA, and PHRA; (2) that this Court enjoin defendant from further violating Title VII, FMLA, ADAAA, and PHRA; (3) that this Court order defendants to reinstate Ms. Presto to the position she held when defendants unlawfully discharged her with all seniority and benefits she would have otherwise accrued had not defendant violated Title VII, FMLA, ADAAA, and PHRA; (4) that this Court award Ms. Presto expert witness fees, attorneys' fees and the cost of bringing this action and, (5) that this Court grant her all other relief that she is entitled to under law and equity.

**A JURY TRIAL IS DEMANDED.**

Respectfully submitted,

Morgan & Paul, PLLC

/s/ Gregory G. Paul
GREGORY G. PAUL (ID Number:  83334)
First and Market Building
100 First Avenue, Suite 1010
Pittsburgh, PA  15222
(412) 259-8375 (telephone)
(888) 822-9421 (facsimile)
gregpaul@gmail.com

Attorney for Plaintiff

Dated:  October 2, 2017